UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. 89-162-01(EGS) |
| | : | |
| **RAYFUL EDMOND III,** | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

The government hereby opposes defendant's motion to reduce his sentence (ECF # 373), as it is moot.

**I.   Background.**

The defendant was arrested on April 15, 1989, and he has been incarcerated since that date. Following a jury trial, on December 6, 1989, the defendant was convicted of the following:  (1) Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. §§ 848(b), 853 (Count One); (2) Conspiracy to Distribute and Possess with Intent to Distribute More Than 5 Kilograms of Cocaine and More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two); (3) Unlawfully Employing a Person Under 18 Years of Age, in violation of 21 U.S.C. § 845b (Count Five); (4) Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a) (Count Eleven); and (5) Unlawful Use of a Communications Facility, in violation of  21 U.S.C. § 843(b) (Counts Fourteen, Fifteen, Sixteen, and Eighteen).  On September 17, 1990, the defendant was sentenced to life imprisonment.

Subsequently, on February 23, 2021, the Court granted the government's motion to reduce the defendant's sentence pursuant to Fed. R. Crim. P. 35.  The Court reduced the defendant's

sentence to "twenty years imprisonment . . . ." (ECF # 312).[1]  Accordingly, the defendant's period of incarceration pursuant to the sentence in this case (20 years), ended on April 15, 2009.

**II.     Defendant is no longer incarcerated pursuant to his sentence in this case.**

Since the defendant's period of incarceration has ended, it cannot be reduced. *United States v. Llewlyn*, 879 F.3d 1291, 1298 (11th Cir. 2018), is instructive in this regard.  In *Llewlyn*, the defendant was convicted in the Southern District of Florida of a narcotics offense and sentenced to 110 months' imprisonment. *Id*. at 1293.  Thereafter, the defendant was convicted of another narcotics offense in the Western District of North Carolina, where he was sentenced to 360 months' incarceration to be served *consecutively* to the Florida sentence. *Id.*

Like Edmond, the defendant in *Llewlyn* moved pursuant to 18 U.S.C. § 3582(c)(2) for his Florida sentence to be reduced; and like Edmond's sentence in this case, that sentence had been completed.  The Eleventh Circuit affirmed the district court's denial of the request for a sentencing reduction:  "this appeal is 'about two separate and independent federal crimes, committed at separate times and sentenced separately by two different judges.'  Because Llewlyn has already served the entirety of his otherwise eligible sentence, he is ineligible for a sentence reduction pursuant to § 3582(c)(2)." *Id.* at 1298 (citation omitted).  The court noted that granting Llewlyn's request "would render the concept of 'consecutive sentences' imposed at different times meaningless." *Id.* at 1295; *see also United States v. Martin*, 974 F.3d 124, 130 (2d Cir. 2020) ("Therefore, an inmate like Martin—who has served the entirety of his sentence for a covered offense and remains imprisoned only by virtue of consecutive terms of imprisonment arising out of separate judgments of conviction—cannot obtain effectual relief through a favorable judicial

---

[1]     On August 8, 1996, in the United States District Court for the Middle District of Pennsylvania, the defendant pleaded guilty to Conspiracy to Possess with the Intent to Distribute More Than 5 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On July 24, 1997, the defendant was sentenced to 30 years' imprisonment, *consecutive* to his sentence in this case.  Defendant is still serving that sentence.

decision authorized by the First Step Act."); *United States v. Askew*, 823 F. App'x 771, 775 (11th Cir. 2020) ("the district court could not reduce Askew's drug possession prison sentence because there was nothing left to reduce"): *United States v. Chapple*, 847 F.3d 227, 230–31 (5th Cir. 2017) (same); *United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015) ("Vaughn is ineligible for relief under Amendment 782 because he has already served the entirety of his otherwise eligible sentence.").

Even if the Court had the discretion to reduce further Edmond's sentence, it should not do so. As the D.C. Circuit has stated, "different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender." *United States v. Mattea*, 895 F.3d 762, 763 (D.C. Cir. 2018) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008)). The Court should respect the sentencing decision made in another district, which was made with knowledge of this case. The Court should not enable Edmond to do an end-run around another court's sentencing decision.[2]

To the extent that the Bureau of Prisons may have "aggregated" Edmond's sentence imposed in this District and his sentence imposed in the Middle District of Pennsylvania, it is irrelevant for these purposes. Aggregation of sentences for administrative purposes, pursuant to 18 U.S.C. § 3582, does not aggregate those sentences with respect to judicial determinations. *United States v. Zoran*, 682 F.3d 1060, 1062 n.2 (8th Cir. 2012) (noting that § 3584(c) "merely instructs the Bureau of Prisons in administering sentences"). In fact, courts have consistently

---

[2] The government also notes that the relief sought by the defendant is of no moment. The calculation of the defendant's Guidelines range with respect to the counts of conviction – excluding Count One – does not matter. "Count 1 is excluded from the application of grouping rules because the statute specifies a term of imprisonment to be imposed, 21 USC § 848(b), which requires a mandatory life sentence." Probation Letter dated October 11, 2019, at p. 2, #6 [Dkt. 265]; *see also* Mem. Op. at 60 ("The Court rejects Mr. Edmond's argument that his mandatory life sentence for his conviction under 21 U.S.C. § 848(b) should not be considered as a starting point . . . .").

rejected the claim that administrative aggregation permits the modification of a sentence that has already been served. *See Martin*, 974 F.3d at 130 ("The fact that multiple sentences may be aggregated for administrative purposes does not authorize a court to treat those sentences as an undivided whole, the authorization to modify one part of which confers authorization to modify the whole."); *id.* at 136 ("courts that have modified sentences outside the context of the First Step Act have routinely rejected that administrative aggregation permits the modification of sentences that have already been served"); *Llewlyn*, 879 F.3d at 1295 ("district courts' judicial decisions under § 3582 do not constitute an 'administrative purpose.' This language instead refers to the Bureau of Prisons' administrative duties, such as computing inmates' credit for time served."); *Vaughn*, 806 F.3d at 643–44 ("Section 3584(c) does not support Vaughn's position because it specifies that aggregation is 'for administrative purposes,' and the issue at hand is judicial, not administrative. The BOP is responsible for administration of sentences. A sentence reduction under § 3582(c)(2), on the other hand, involves discretionary decision-making by the district court and cannot be described as administrative.") (citations omitted); *Askew*, 823 F. App'x at 774–75 ("The BOP's aggregation of sentences was 'for administrative purposes' and 'district courts' judicial decisions under § 3582 do not constitute an "administrative purpose."'"). In sum, the "'imposition' of a sentence is not an administrative purpose under section 3584(c), and to construe it as such *would warp the structure of that chapter of the United States Code*. Martin*, 974 F.3d at 139 (emphasis added).

### III.   Defendant's motion for a further sentencing reduction should be denied as moot.

Since the defendant is no longer incarcerated in this case, his period of incarceration cannot be further reduced. His motion should, therefore, be denied as moot. Any petition for reduction of sentence should be made to the court, whose sentence the defendant is presently serving.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


_____/s/_____
John Crabb Jr.
Assistant U.S. Attorney
N.Y. Bar No. 2367670
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov